FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

00 SEP 26 PM 2: 24

U.S. DI . . . . COURT
N.D. OF ALABAMA

GUARANTY NATIONAL INSURANCE
COMPANY, a corporation,

     Plaintiff,

v.                               Civil Action No. CV-99-J-2114-S

HOME OIL CO., INC., et al.,

     Defendants.

ENTERED

SEP 2 6 2000

## MEMORANDUM OPINION

This cause comes on plaintiff's motion for summary judgment (doc. 17). The
court has considered said motion, briefs, all evidentiary submissions, and pleadings filed
by the parties.[1] Having considered all of the foregoing, the court concludes that the
motion for summary judgment is due to be granted on all counts of the complaint.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a complaint for declaratory judgment on
August 12, 1999 (doc. 1). Defendant answered and filed a counterclaim alleging: breach
of contract, fraud, negligent/wanton misrepresentation, and bad faith refusal to
defend/indemnify (doc. 9). Plaintiff filed a motion for summary judgment on August 15,

---

[1]Defendant has not briefed its position. It filed a "Rule 56(f) Affidavit"on August 30,
2000 (doc. 19). The affidavit is problematic in that it repeatedly refers to the plaintiff as the
defendant and to Home Oil as the plaintiff. However, disregarding the mistaken designation of
the parties in said affidavit, it requested additional time to take the deposition of plaintiff's
corporate representative and within 7 days thereafter submit the transcription. Nothing has been
submitted as of this date.

20

2000 (doc. 17). This court has diversity jurisdiction over this case pursuant to 28 U.S.C. §1332.

## FACTUAL BACKGROUND

Viewing the facts in the light most favorable to non-moving party, they are as follows:

Guaranty National issued to Home Oil Co., Inc., a Commercial General Insurance Policy for the period of October 1, 1994 to October 1, 1995 and then another Commercial General Insurance Policy covering the period of October 1, 1995 to October 1, 1996. Guaranty National also issued an umbrella policy to defendant for the period of October 1, 1995 to September 30, 1996 and another umbrella policy for the period of October 1, 1996 to October 1, 1997.

Defendant purchased these policies upon the recommendation of John Ezekial, an agent for plaintiff Guaranty Life. Ezekial represented to the defendant that the policies would cover intentional and unintentional acts and liability for employment claims. Following Ezekial's representations the defendant changed its insurance from Federated Insurance Company to the plaintiff Guaranty National.

On December 22, 1997, a former employee of the defendant, Tammy Mowitz, filed suit against the defendant. Mowitz claimed that she was the victim of sexual harassment, gender discrimination, and retaliatory discharge. Defendant notified plaintiff of the Mowitz suit and plaintiff denied coverage in February of 1998.

Plaintiff had denied employee discrimination coverage for the exact same policies in 1997 when defendant had been sued for racial discrimination. When presented with

this previous claim on March 21, 1997, plaintiff filed a declaratory action to determine if

the policies provided coverage for employee discrimination liability.  The court granted

plaintiff's motion for summary judgment on June 3, 1999 and ruled that the policies did

not provide such coverage and that any reliance placed on Ezekial's statements were

unreasonable.  *Guaranty National Ins. Co. v. Home Oil Co. Inc.*, CV-97-P-0718-S.  The

Eleventh Circuit affirmed the ruling.[2]

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there can be no genuine issue as
> to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.,*  477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of  the pleadings or filings which it believes demonstrates the

---

[2]*See Guaranty National Inc. Co. v. Home Oil Company Inc.*, 204 F.3d 1123 (1999).

absence of genuine issues of material fact. *Id.* at 323.  The burden then shifts to the non-

moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).  In

meeting this burden the non-moving party "must do more than simply show that there is a

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine

issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477

U.S. at 249.  The non-movant must "demonstrate that there is indeed a material issue of

fact precluding summary judgment." *Clark v.  Coats & Clark, Inc.*, 929 F.2d 604, 608

(11th Cir.1991).  A factual dispute regarding a non-material issue will not preclude the

defendant from succeeding on a motion for summary judgment. *Brown v. American*

*Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and

factual inferences arising therefrom in the light most favorable to the nonmoving party.

See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The substantive law will

identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 248 (1986).  All "reasonable doubts" about the facts and all justifiable

inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d

1112, 1115 (11th Cir. 1993).  However, all "doubts" need not be so resolved. *Barnes v.*

*Southwest Forest Industries, Inc.,*  814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249.

The basic issue before the court on a motion for summary judgment is "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is

so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry

Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

## ANALYSIS

The umbrella policy issued to Home Oil Co. clearly excludes employment

discrimination coverage. The following is from the 1995-1996 umbrella policy:[3]

> VII. Exclusions
> This insurance does not apply:
>
> . . .
>
> N.  To "Bodily Injury," "Property Damage," "Personal Injury" or "Advertising
> Injury" that arises out of discrimination.
>
> . . .
>
> S. To "Personal Injury" or "Property Damage," sustained or alleged to have been
> sustained by any person as a result of an offense directly or indirectly related to
> prospective employment, employment, continued or terminated employment
> (wrongful or otherwise) of such person by the "Named Insured" or any subsidiary
> thereof. This insurance likewise does not apply to providing a defense or
> reimbursement of expenses in connection therewith for any such sustained or
> alleged claims.

Based on the foregoing the court finds that the umbrella policy clearly excludes

employment discrimination coverage.

---

[3]The 1996-1997 umbrella policy also excludes employment discrimination coverage.

The general liability policies do not specifically mention discrimination.  The

relevant exclusions are:

> This insurance does not apply to:
>
> a.   Bodily injury or property damage expected or intended from the standpoint
>      of the insured . . .
>            . . .
> e.   Bodily injury to:
>      (1) An employee of the insured arising out of and in the course of
>      employment by the insured;

It is clear that the exclusion for employment related bodily injury would apply to any

personal injury claims Mowitz has made in her suit.

The court previously ruled that the "expected or intended" exclusionary language

applies to employment discrimination claims.  "[D]isparate treatment claims, including

those of sexual discrimination and retaliatory termination, are excluded from similar

insurance coverage because 'plaintiffs must establish that their employer acted with a

discriminatory intent.'" *Guaranty National Insurance Company v. Home Oil Company,*

CV-97-P-0718-S (N.D.AL. 1999) *quoting Jackson County Hosp. v. Alabama Hosp. Ass'n*

*Trust,* 619 So.2d 1369, 1372 (Ala 1993).

The basis of Tammy Mowitz's claim is discrimination.   In accordance with the

court's previous ruling, such coverage is excluded from the general policy.

The court therefore finds that the general liability policies in question exclude the type of

coverage defendant seeks with regard to Tammy Mowitz.

The court has also previously addressed the issue of reliance placed on the

statements of Ezekial. *Guaranty National Insurance Company v. Home Oil Company,* CV-97-P-0718-S (N.D.AL. 1999). In that case, Home Oil argued for estoppel based on the representations of Ezekial. The court found that any reliance placed on Ezekial's statements was unreasonable in light of the conflicting policy language. *Id.* This court agrees. Therefore defendant's counterclaims against plaintiff alleging fraud and wanton or negligent misrepresentation must fail for lack of proof of reasonable reliance. *Foremost Ins. v. Parham,* 693 So.2d 409, 421 (Ala. 1997).[4]

Defendant's coverage simply does not encompass employment discrimination claims. Whatever reliance defendant placed on Ezekial's statements was unreasonable as such statements were directly contrary to the policy language. The court can find no genuine issue of material fact left for trial. As such, plaintiff's motion for summary judgment is **GRANTED** on all counts of the complaint. This case is **DISMISSED** with **PREJUDICE**.

**DONE** and **ORDERED** this the ___26___ day of September, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

_____

[4]Defendant's counterclaim in Count V(which the court interprets to be a claim for 'bad faith") likewise must fail because defendant cannot show that plaintiff was obligated to pay pursuant to the terms of the contracts. See *National Security Fire & Casualty Co. v. Bowen,* 417 So.2d 179 (Ala. 1982).